HENRY K. OLIVER *vs.* COLONIAL GOLD COMPANY.
SAME *vs.* HALIFAX GOLD MINING COMPANY.
SAME *vs.* GILBERT RIVER GOLD MINING COMPANY.

If an action to recover a tax upon a corporation, assessed under *St.* 1864, c. 208, is brought by the treasurer of the Commonwealth in his own name, instead of in the name of the Commonwealth, as required by § 14 of that statute, and the declaration contains no averment that the treasurer was by law authorized to commence the action in his own name, the defendants may take advantage of the objection, and defeat the action, although no demurrer to the declaration is filed, and the answer contains neither a special nor a general denial of the averments of the declaration.

THREE actions of contract brought by the treasurer of the Commonwealth to recover taxes assessed under *St.* 1864, c. 208, upon corporations. The writs were all dated September 19th 1864.

The declaration in the first action alleged that the defendants were a company organized under the general laws of the Commonwealth; that by *St.* 1864, c. 208, they became liable to pay a tax of seven twelfths of one per cent. upon the cash market value, on the 1st of May 1864, of all its capital stock, as determined by the treasurer and auditor of the Commonwealth; that said treasurer and auditor on the first Monday of June 1864 determined that the cash market value was $118,000, and thereupon assessed a tax of seven twelfths of one per cent. on said amount, being $688.33; that immediately thereafter, and before the first Monday of July 1864, they caused the defendants to be notified thereof, and the defendants thereupon became bound to pay said sum to the plaintiff; yet, though requested, have refused so to do.

The declarations in the other two actions were similar to the foregoing, except in respect to the amounts.

The answer, in the first action, alleged simply that the books of the defendants were not opened or their stock issued on the 1st of May 1864, and that their stock had no market value on that day

The answers in the second and third actions simply denied

that the defendants owed the plaintiff the sum set forth in the declaration.

At the trial of the *first* action, in the superior court, before *Brigham*, J., neither party offered any evidence, but the defendants objected that the action could not be maintained in the name of the plaintiff, but that it should have been in the name of the Commonwealth; and that the declaration was defective in not alleging that the defendants were a coal or mining company. The judge overruled these objections, and instructed the jury that upon the pleadings the plaintiff was entitled to recover, and a verdict was rendered accordingly. The defendants alleged exceptions.

At the trial of the *second* action, in the superior court, before the same judge, neither party offered any evidence, but the defendants objected that no cause of action existed in the plaintiff on the facts alleged; but the judge overruled the objection, and directed a verdict for the plaintiff, which was accordingly rendered. The defendants alleged exceptions.

In the *third* action, it was agreed, in the superior court, that the plaintiff was entitled to judgment unless upon the pleadings the objection was open that the action should have been brought in the name of the Commonwealth, and unless certain other facts, not now material, would defeat it. Judgment was ordered for the defendants, and the plaintiff appealed to this court.

*A. F. L. Norris*, for the Colonial Gold Company.

*L. A. Jones*, for the Halifax Gold Mining Company and Gilbert River Gold Mining Company.

*Reed*, A. G., for the Commonwealth.

CHAPMAN, J. These actions are brought to recover the amount of a tax due to the Commonwealth under *St.* 1864, *c.* 208. It was necessary for the plaintiff to state in his declaration such substantive facts as would, if proved, entitle him to recover. If he neglected to do this, the defendants might for some defects answer in abatement, and for others they might demur to the declaration, on the ground that it did not set forth a legal cause of action, stating the particulars in which the defect consisted. Gen. Sts. *c.* 129, §§ 11, 12. Or the court might, either

on motion of the defendants or on its own motion, order the plaintiff to file a statement of such further particulars as might be necessary for the further information of the defendants or the court. § 58.

But a defendant is not bound to demur to a declaration, or to ask for a further statement of particulars, and if he files an answer and goes to trial the court will not set aside a verdict against him on account of any defects in the declaration. In the report of the commissioners who framed our system of pleading and practice, they say : " Allegations are made that the parties may have notice ; but if both parties were content to act upon what they had, why should either be allowed to complain afterwards ? "

In the first of these cases, the defendants merely filed an answer in which they made no denials, but averred certain substantive facts in defence. Upon these pleadings the parties went to trial before a jury. As the plaintiff's allegations had not been denied, the court and jury were to regard them as admitted to be true. The plaintiff relied on them, and offered no further evidence. If these allegations were sufficient to maintain the action, the plaintiff was entitled to a verdict, unless the defendants should establish a defence. The defendants offered no evidence, but objected that the facts stated in the declaration and not denied were insufficient to maintain the action. This state of the case made it necessary for the court to instruct the jury on that subject. The declaration did not state that the defendants were a mining company, or that the plaintiff was authorized by law to bring the action in his own name, and therefore neither of these facts appeared. But both were necessary to maintain the action. The statute, of which the court must take judicial notice, requires that the action shall be brought in the name of the Commonwealth, and it was mining companies that were made subject to the tax. The jury ought therefore to have been instructed to find a verdict for the defendants, and the instruction to find a verdict for the plaintiff was erroneous.

In the second case, the defendants filed an answer merely

Oliver v. Colonial Gold Company.

denying that they owed the plaintiff the sum stated in his declaration. This is merely a denial of a legal conclusion, and is equivalent to the general issue, which the practice act abolished. *Granger* v. *Ilsley*, 2 Gray, 521. *Van Buren* v. *Swan*, 4 Allen, 380. But the plaintiff did not demur to the answer, nor file any motion in respect to it, and the court suffered the cause to go to trial without making any order as to the answer. After verdict, it is to be assumed that both the court and the parties were sufficiently informed of the nature of the case to be tried. The parties went to trial upon the allegations in the declaration which, not being denied, were admitted to be true, and no evidence was offered. In these cases the jury should have been instructed that the facts alleged and admitted did not show that the plaintiff was authorized to maintain the action for the tax in his own name, and the instructions given were erroneous. The plaintiff contends that he was entitled to a verdict as upon *nil dicit*, but no such question is open here; the exceptions presented to us relate merely to the instructions given to the jury.

The case of *Gray* v. *Paxton*, reported in Quincy, 541, is quite in point. That was an action brought by the treasurer of the Province of Massachusetts Bay to recover a tax assessed by the Province. The defendant set up, by a plea in abatement, the same defence that is made so inartificially in these cases, namely, that the action should be in the name of the Province, and not in the name of the treasurer. The plea was overruled in the inferior court, but upon appeal to the superior court it was sustained, and at August term 1761 judgment was entered that the writ abate.

The third case comes before us upon an agreed statement of facts, in which there is nothing stated to aid the declaration. Upon the defects of the declaration, therefore, the defendants are entitled to judgment; for the declaration refers to the tax act, and thus shows that the action should have been brought in the name of the Commonwealth, and not in the name of the treasurer.

*Exceptions sustained in the first and second cases. Judgment for the defendants in the third case.*